I am not as confident as the majority that Officer Orndorff needed no justification to lean inside Ms. Pitts' car. We appear to have attached significance to the lack of intrusion in Reaves, as has the First District in State v. Lang (1996), 117 Ohio App.3d 29, 35. Nevertheless, I am able to concur in the judgment of reversal because Officer Orndorff — based on what Officer Daly had told him — had a reasonable articulable suspicion that Ms. Pitts had secreted a weapon in the console area of the car. See Michigan v. Long (1983), 463 U.S. 1032. Although Officer Orndorff did not mention this safety concern in his police report, he did testify as to having had this safety concern. Although the trial court stated that "there is no indication . . . in Orndorff's testimony . . . that he had a genuine concern for his safety from this furtive movement," Officer Orndorff's testimony is to the contrary, and the trial court does not appear to have disbelieved his testimony. The unrefuted evidence established a reasonable articulable safety concern that justified the limited intrusion in this case.